IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:22-CT-3023-M

MAURICE ANDERSON,

    Plaintiff,

v.

ANDREW PEELE,

    Defendant.

ORDER

This matter is before the court on the parties' cross motions for summary judgment [D.E. 25, 35]. Also before the court are defendant's motion to seal [D.E. 31] and plaintiff's motion to strike defendant's motion to seal [D.E. 36]. Defendant filed responses in opposition to plaintiff's motions. For the reasons stated below, defendants' motions are granted, and plaintiff's motions are denied.

## PROCEDURAL HISTORY

On January 24, 2022, plaintiff, a state inmate proceeding pro se, filed the instant action pursuant to 42 U.S.C. § 1983 alleging defendant violated his Fourth, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution by obtaining a defective search warrant for pen register and trap/trace information for plaintiff's cell phone. (Compl. [D.E. 11-1] at 1–4). On February 9, 2023, the court conducted a frivolity review of the complaint and allowed the action to proceed.

On August 4, 2023, defendant filed his instant motion for summary judgment relying on a memorandum in support, statement of material facts, and appendix of exhibits thereto, which

includes: (1) defendant's affidavit; (2) Cellebrite report documenting plaintiff's calls; (3) Cellebrite report documenting plaintiff's text messages; (4) application for pen register and trap/trace device; (5) order authorizing pen register and trap/trace device; and (6) plaintiff's criminal plea transcript from Pitt County, North Carolina. . (Mot. Summ. J. [D.E. 25]; Def. Mem. Summ. J. [D.E. 26]; Def. Statement of Material Facts [D.E. 27]; Def. App. [D.E. 28]). Defendants argue, *inter alia*, that plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), where plaintiff conceded he entered a plea pursuant to North Carolina v. Alford 400 U.S. 25 (1970), regarding the underlying criminal convictions. (Def. Mem. Summ. J. [D.E. 26] at 25–26).

That same day, defendant filed the instant motion to seal the Cellebrite reports in order to protect the identity of a confidential informant. (Def. Mem. to Seal [D.E. 32]). Also on August 4, 2023, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff was provided notice of the motion for summary judgment and instructions for responding. (Roseboro Letter [D.E. 33]).

On August 14, 2023, plaintiff filed a cross motion for summary judgment. (Pl. Mot. Summ. J. [D.E. 35]). In support, plaintiff filed an unsworn statement of facts.[1] (Id. at 3–7). Plaintiff argues the application for pen register and trap/trace was not supported by probable cause. That same day, plaintiff filed a motion to strike plaintiff's motion to seal arguing that the motion should not be considered where plaintiff was not given the opportunity to view the documents. (Pl. Mot. to Strike [D.E. 36]).

---

[1] Plaintiff indicates he also filed an "evidentiary appendix" contemporaneously with his motion for summary judgment. (Pl. Mot. Summ. J. [D.E. 35] at 1). However, no such document appears in the record.

2

On August 24, 2023, defendant filed two responses in opposition to plaintiff's motion to strike.[2] (Def. First Resp. [D.E. 39]; Def. Second Resp. [D.E. 40]). On August 29, 2023, defendant responded in opposition to plaintiff's motion for summary judgment and filed an accompanying statement of material facts. (Def. Resp. to Summ. J. [D.E. 41]; Def. Second. Statement Of Material Facts [D.E. 42]).

## COURT'S DISCUSSION

A.      Motion to Strike [D.E. 36]

Plaintiff seeks to strike from the record proposed sealed text messages provided in support of defendant's motion for summary judgment. (Pl. Mot. to Strike [D.E. 36] at 1). Pursuant to Federal Rule of Civil Procedure 37, plaintiff asserts such evidence should have been made available to plaintiff for review, and when asked about the documentation during discovery, defendants objected to plaintiff's request. (Id.). Although plaintiff titles the motion as a motion to strike, the subject of the motion is more properly presented as a motion to compel discovery of the text messages.

Discovery in this matter closed June 7, 2023. (Sched. Or. [D.E. 19]). Plaintiff's motion was not filed until over two months later. (Pl. Mot. to Strike [D.E. 36]). Plaintiff provides no explanation for the late filing. Motions to compel filed after the discovery deadline are untimely. See U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) ("The district court has discretion to consider an untimely motion to compel if the movant offers an acceptable explanation for the motion's tardiness.") (internal quotation marks omitted); Ayala-

---

[2]     The only difference in the filings appears to be that evidentiary documents were attached to the second response in opposition. (See Attach to Def. Second Resp. [D.E. 40-1]).

3

Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir.1996) (holding district court did not abuse its discretion denying motion to compel filed after discovery deadline). Thus, the court denies the motion.

However, defendant's exhibit of the Cellebrite text message report is not material to the court's decision in this matter. Accordingly, the court does not consider this exhibit.

B.  Motion to Seal [D.E. 31]

"[T]he First Amendment right of access attaches to materials filed in connection with a summary judgment motion. Doe v. Pub. Citizen, 749 F.3d 246, 267 (4th Cir. 2014) (citing Rushford v. New Yorker Mag., Inc., 846 F.2d 249, 252–53 (4th Cir. 1988)). Access to such materials "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting *In re Wash. Post Co.,* 807 F.2d 383, 390 (4th Cir.1986)). When considering a motion to seal, the court must

> (1) provide public notice of the sealing request and a reasonable opportunity for the public to voice objections to the motion; (2) consider less drastic alternatives to closure; and (3) if it determines that full access is not necessary, it must state its reasons—with specific findings—supporting closure and its rejections of less drastic alternatives.

Id. at 272 (citing In re Knight Pub. Co., 743 F.2d 231, 234–35 (4th Cir.1984)).

As noted, defendant seeks sealing of the Cellebrite reports documenting plaintiff's calls and text messages with a confidential informant. (Def. Mot. to Seal [D.E. 31] at 1). Although not the model of clarity, plaintiff's motion to strike appears to oppose sealing of the Cellebrite reports for the text messages, but not the call records. (See Mot. to Strike [D.E. 36] at 1). Given the possible danger presented by identification of the confidential informant in this matter, the

4

government's interest in maintaining the confidential informant's identity outweighs the public interest and plaintiff's interest in disclosure. See Baltimore Sun Co. v. Goetz, 886 F.2d 60, 64 (4th Cir. 1989) (acknowledging government's interest in protecting "the identity of informers whose lives would be endangered"); United States v. Fisher, 440 F.2d 654, 656 (4th Cir. 1971) ("It is well established that the government is privileged to withhold the identity of such informants."). Review of the Cellebrite text message and call reports would necessarily identify the confidential informant.

The public has had adequate notice of the motions to seal. Given the confidential and sensitive nature of the documents, there are not less drastic alternatives to sealing. Accordingly, the court grants the motion. However, as stated above, the court does not consider the Cellebrite text message report in this decision.

C.  Motions for Summary Judgment [D.E. 25, 35]

1.  Legal Standard

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). For cross-motions for summary judgment, the court "consider[s] each motion separately on its own merits to determine whether [any] of the parties deserves judgment as a matter of law." Defs. of Wildlife v. N.C. Dep't of Transp., 762 F.3d 374, 392 (4th Cir. 2014). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party

5

may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 247–48, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). To determine whether a genuine issue of material fact exists for trial, the court views the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Scott v. Harris, 550 U.S. 372, 378 (2007).

2. Analysis

As noted, plaintiff alleges defendants violated his Fourth, Sixth, Eighth, and Fourteenth Amendment rights of by obtaining a defective search warrant for pen register and trap/trace information for plaintiff's cell phone. (Compl. [D.E. 11] at 5; Attach to Compl. [D.E. 11-1] 1–4). Defendants argue plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). (Def. Mem. Summ. J. [D.E. 26] at 25–26).

Defendant has satisfied his burden in identifying evidence of record demonstrating the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323; (see also Def. Mem. Summ. J. [D.E. 10] at 25–26). Thus, the burden shifts to plaintiff, and he "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 587. Plaintiff fails to meet this burden where he has not provided any competent summary judgement evidence in support of his claims. See Celotex, 477 U.S. at 324; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) ("[W]hen one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion.") Further, plaintiff's complaint is not verified. See Williams, 952 F.2d at 823 ("[A] *verified* complaint is the equivalent of an opposing affidavit

for summary judgment purposes, when the allegations contained therein are based on personal knowledge."). Plaintiff's filings are insufficient to create a triable issue of fact where they do not include

> affidavits (written statements signed before a notary public and under oath), declarations (written statements bearing a certificate that the statement is signed under penalty of perjury), deposition transcripts, discovery responses, sworn statements (bearing a certificate that the statement is signed under penalty of perjury), or other evidence in such a manner so as to persuade the court that a genuine issue of material fact remains to be determined.

(Roseboro Letter [D.E. 33] at 1); (see Pl. Mot. Summ J. [D.E. 35]); see also Fed. R. Civ. P. 56 (c)(1). While plaintiff attached the search warrant in question, as well as related documents, to his complaint, such documents do not create a genuine issue of material fact as discussed below.

In order to challenge a state criminal conviction under § 1983, plaintiff must demonstrate that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. The Supreme Court has held, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005) (emphasis omitted); see also Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). The United States Court of Appeals for the Fourth Circuit has not directly addressed the issue, but "courts of appeals and courts in this district that have considered the question have squarely confirmed 'that a conviction based on an Alford plea can be used to impose

7

Heck's favorable termination rule.'" Daulatzai v. Maryland, 340 F.R.D. 99, 104 (D. Md. Dec. 6, 2021) (quoting Ballard v. Burton, 444 F.3d 391, 397 (5th Cir. 2006)) (collecting cases); Norman v. Brown, No. 1:22-cv-00149-MR, 2022 WL 4544212, at *3 (W.D.N.C. Sept. 28, 2022) (providing that an Alford plea is the procedural equivalent of a guilty plea).

The undisputed evidence shows plaintiff entered an Alford plea on September 2, 2021, as to the state felonies that were the basis of the underlying criminal investigation at issue in this matter. (Def. Ex., Tr. of Plea [D.E. 28-6] at 2–3). Because a finding that the purported errors in plaintiff's state criminal proceedings violated his constitutional rights would imply the invalidity of his conviction, and because plaintiff has not shown that his conviction was declared invalid or called into question by the issuance of a writ of habeas corpus, plaintiff's claims are barred by Heck. See Wilkinson, 544 U.S. at 81–82. In fact, plaintiff does not dispute he entered an Alford plea or that his conviction has not been overturned.

Accordingly, defendant is entitled to summary judgment. For the same reasons stated above, plaintiff's motion for summary judgment is denied.

## CONCLUSION

For the reasons discussed herein, the court GRANTS defendant's motion to seal [D.E. 31]. The clerk is DIRECTED to maintain docket entries 29 and 30 under seal until further order of the court. Plaintiff's motions for summary judgment [D.E. 35] and to strike [D.E. 36] are DENIED.

8

Defendant's motion for summary judgment [D.E. 25] is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 20th day of March, 2024.

*Richard E Myers II*
RICHARD E. MYERS, II
Chief United States District Judge